■ SHERLE WAGNER INTERNATIONAL, L.L.C., Plaintiff, v 450 PARK LLC et al., Appellants, et al., Defendant. SHERLE WAGNER INTERNATIONAL, L.L.C., Plaintiff, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Defendant/Third-Party Plaintiff-Respondent. 450 PARK LLC et al., Third-Party Defendants-Appellants, et al., Third-Party Defendants. (And Another Third-Party Action.) [959 NYS2d 198]—

Orders, Supreme Court, New York County (Milton A. Tingling, J.), entered June 22, 2012, which, to the extent appealed from, denied defendants/third-party defendants 450 Park LLC and Taconic Management Company, LLC's motion for summary judgment dismissing the complaint, the third-party complaint and all cross claims asserted against them, unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

In this and related actions, Sherle Wagner International, L.L.C. (SWI) or its subrogee, seeks recovery for losses sustained when SWI's Manhattan showroom, located in the sub-basement of 60 East 57th Street, became flooded after the sump pump in an adjacent Con Edison vault failed to work. The vault, which was located outside of the premises, housed an electrical transformer and supplied power to the premises through electrical wires. The wires were run through conduits between the vault and a "network compartment" room, which shared a wall with the vault, but was located within 450 Park LLC's premises.

450 Park LLC and Taconic Management Company, LLC, the owner and property manager of the premises, respectively, made a prima facie showing of entitlement to dismissal of the claims asserted against them. The motion papers established that 450 Park LLC and Taconic Management Company, LLC lacked control or responsibility for the space within the conduits, through which their two experts maintained that the water entered the premises, and lack of prior notice of an insufficient waterproofing condition. Although the network compartment was located on the premises, it housed Con Edison's equipment and Con Edison had exclusive access to the locked room, via use of a standardized key used for other network compartments throughout Manhattan. Further, a long-time Con Edison em-

ployee testified that, in order to prevent water from traveling through the conduits between the vault and the network compartment, the ducts were packed with a fibrous substance and then sealed with a sealant, which materials he carried on his truck and applied when necessary.

In opposition, SWI and Con Edison failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Con Edison did not dispute that the water entered the premises through the conduits which carried its wires from the vault to Con Edison's equipment in the network compartment. As such, responsibility for sealing the space between the conduits and the exterior wall of the premises, on which point the opposition papers were focused, is not at issue. Given Con Edison's admitted responsibility for the "electrified components" in the network compartment (see 16 NYCRR 98.4), there is no logical basis upon which to exclude its responsibility for the sealing of the subject conduits. Concur—Mazzarelli, J.P., Renwick, Richter, Gische and Clark, JJ.